IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Johnnie Frazier,<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>Lt. June; Lt. Mack; and Srg. Belton; A/W Commander; Cpt. Maurice Hunter; Lt. Williams; Miss Highlam; and Mackey,<br><br>　　　　　Defendants. | Civil Action No. 1:24-cv-1124-CMC<br><br>**ORDER** |

　　This matter is before the court on Plaintiff's Complaint, alleging violations of his constitutional rights. ECF No. 1. He contends he has been mistreated and targeted in the South Carolina Department of Corrections ("SCDC") through poison placed in his food and direct attacks in his cell or yard, at the direction of the Commander. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

　　On April 17, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending Plaintiff's Complaint be summarily dismissed without leave for further amendment, and that all pending motions be dismissed as moot. ECF No. 14. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed a motion for depositions (ECF No. 16), a motion for injunction (ECF No. 20), and a motion to amend (ECF No. 21). In addition, just prior to the issuance of the Report, he filed a motion to give sample for poison test. ECF No. 13.

　　The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

The Report recommends Plaintiff's Complaint be dismissed because no allegations were included against Defendants June, Hunter, Williams, Highlam, and Mackey, and because insufficient allegations were made against the Commander, Mack, and Belton. ECF No. 14 at 4-5.

Plaintiff did not file formal objections, but instead filed a series of motions. First, he filed a motion asking the court to order a test to "see how much poison I've had in my body so I can detox or whatever I had or have to do to get better." ECF No. 13 at 1. His motion for deposition requests "the court to take depositions for the defendants in this case" and includes a list of questions he wished to be asked of them. ECF No. 16. He notes he is attempting to get an attorney to help him with this case, but he believes his mail is being held and SCDC staff will not let Plaintiff call or see the attorney. *Id.* His next motion requests an "injunction for chemical analysis checking for poisons" and cites "failure to protect or deliberate indifference." ECF No. 20.

2

Finally, he filed a motion to amend with additional details. ECF No. 21. He asserts the Commander was called to testify in a previous lawsuit filed by Plaintiff and "held a grudge" because of that. Plaintiff alleges the Commander "started persecuting me by getting the inmates to try to kill me" and had to fight the whole dorm off in August 2023. He then asserts Sargent Belton stood at the door of his cell and stated "I'll spray him you hold him and the other one she told to stab me." *Id.* at 2. He stated he broke the windows, toilet, and sink in his cell so he was moved to another dorm. He alleges the School Teacher Highlam attempted to poison Plaintiff with a syringe and also the inmates were putting poison in his food with the help of kitchen supervisor Lt. Mack. He alleges "they" gave him arsenic, strychnine, rat poison, and antifreeze to try to kill him. He was then moved to a dorm with Lt. June, where she was "openly declaring" she had benefits for anyone who would "air him out for the Commander." *Id.* at 4. Sgt. Douglas unassigned his tablet and gave it to another inmate, and Captain Hunter turned Plaintiff's phone off so he couldn't call home for help. *Id.*

The court has reviewed the Complaint *de novo*, and agrees the allegations regarding the named Defendants are insufficient, as they are conclusory and lack supporting facts. Plaintiff has provided only general dates for his allegations. Although there are more details regarding which of the Defendants participated in the alleged actions against him, and how, his allegations are hard to follow and appear nonsensical at times. As such, it appears his motion to amend is futile. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999).

After considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge and Plaintiff's motions, the court agrees with the Report's recommendation the

3

matter should be summarily dismissed. Accordingly, the court adopts the Report by reference in this Order.  This matter is hereby summarily dismissed without prejudice and without leave for further amendment. Plaintiff's pending motions (ECF Nos. 5, 13, 16, 20) are dismissed as moot and the motion to amend (ECF No. 21) is denied as futile.

    **IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
June 4, 2024

4